WATSON BUCKMAN, RESPONDENT, v. THE HOME INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK AND THE WESTERN ASSURANCE COMPANY, APPELLANTS.

Submitted February 14, 1936—Decided October 2, 1936.

For the appellants, *Arthur T. Vanderbilt* (*G. Dixon Speakman*, on the brief).

For the respondent, *Henry P. Brown* (*Salvatore Muti*, of counsel).

The opinion of the court was delivered by

LLOYD, J. This is an action on three fire insurance policies, one policy issued by the Home Insurance Company, one by

the Continental Insurance Company, and one by the Western Assurance Company, which resulted in verdicts and judgments for the plaintiff. The defendants appeal.

A stipulation of facts was entered into in the court below and from this it appears that the policies contained, among other provisions, one that they would be void if the insured "now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy" unless otherwise provided by agreement endorsed on the policy. To the policies of the Continental and Western Insurance Companies a clause was added permitting insurance totaling $6,000, including the policy of $3,000 on which suit was brought. To the Home Insurance Company policy a like clause was added with the exception that no figures specifying either the amount of the policy or the additional insurance permitted were written in the spaces provided for that purpose. At the time of the fire the insured had effected other valid insurance covering the property substantially exceeding the total of $6,000 authorized by the supplemental agreements with the Continental and Western Companies.

It is contended, among other grounds for reversal, that all right of recovery is lost by the placing of the insurance above the stipulated amount.

Such limiting provisions are valid and binding agreements and a breach of them defeats right of recovery. *Warwick* v. *Monmouth Insurance Co.,* 44 *N. J. L.* 83; *New Jersey Rubber Co.* v. *Commercial Insurance Co.,* 64 *Id.* 580.

It may well be of vital moment to an insuring company whether there is or may be insurance in excess of the value of the property insured as bearing on the temptation to fraud or to indifferent care of the property by the owner.

It is argued by the respondent, however, that the permission to effect other insurance not exceeding $6,000 constitutes an abandonment or waiver of the limiting clause, but we think this contention is unsound. The two clauses are to be read together. By the first any additional insurance voids the policy unless otherwise provided by agreement. The second

modifies the first to the extent and to the extent only that in the case of the Continental and Western Companies other insurance is permitted until a total of $6,000 is effected. By no force of reasoning we think can such modification be deemed the elimination of the first.

It is also contended by respondent that the permissive additional insurance clause is inconsistent with the clause prohibiting other insurance without consent of the insurer, and therefore void as to the insured, by virtue of chapter 326 of the laws of 1931, which prohibits agreements inconsistent with the standard policy. What is said above answers this claim, but it may be added that the prohibiting clause itself authorizes just such agreement for additional insurance. How then can there be an inconsistency?

Another clause in the policies which it is urged was violated and the policies thereby rendered null and void, reads as follows: "In consideration of the reduced rate for which this policy is written it is hereby made a condition of this policy that the buildings hereby insured under 1, 5 item (s) of this policy are occupied by the owner."

The difficulty here is that another clause in the policies provides that they shall be void if a building therein described "whether intended for occupancy by the owner or tenant be or become vacant or unoccupied and so remain for ten days," and we think by this there was a waiver of occupancy by the owner at the time the insurance was effected. The language is in part in the present tense, and must be construed as applying to the time the insurance was effected. It is obvious that if vacancy is impliedly permitted at that time then occupancy by the owner at the same time is waived.

What is stated in the foregoing respecting added insurance is applicable alone to the policies of the Continental and Western Companies. In the policy of the Home Insurance Company no limit of concurrent insurance is specified, the space intended for insertion of such limit in figures not being filled in, and inasmuch as the court stands evenly divided whether to affirm or reverse in that case, no opinion is expressed therein.

The judgments against the Continental Insurance Company and the Western Assurance Company are reversed, and judgments directed to be entered for the defendants.

The court being evenly divided the judgment against the Home Insurance Company is affirmed.

On appeals of the Continental Insurance Company of New York and the Western Assurance Company—

*For affirmance*—PERSKIE, DEAR, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, BODINE, HEHER, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

On appeal of the Home Insurance Company—

*For affirmance*—THE CHIEF JUSTICE, LLOYD, HEHER, PERSKIE, DEAR, RAFFERTY, JJ. 6.

*For reversal*—THE CHANCELLOR, PARKER, BODINE, HETFIELD, WELLS, WOLFSKEIL, JJ. 6.